

33 Arch St
Suite 3110
Boston, MA 02110
617-848-4000   617-848-4001
www.foxrothschild.com

ERIKA M. PAGE
Direct No: 610.397.2232
Email: epage@foxrothschild.com

May 21, 2025

**VIA ECF**

The Honorable Margaret Guzman, U.S.D.J.
Harold D. Donohue Federal Building and U.S. Courthouse
595 Main Street
Worcester, Massachusetts 01608

**Re:** **MSTM, LLC et al. v. Waters Corporation,
Civil Action No. 4:23-cv-40027-MRG (D. Mass.);**

**MSTM, LLC et al. v. AB Sciex, LLC,
MSTM, et al. v. AB Sciex, LLC, Civil Action No. 1:23-cv-11121-MRG (D. Mass.)**

Dear Judge Guzman:

We write on behalf of Plaintiffs MSTM, LLC and M&M Mass Spec Consulting, LLC (the "Plaintiffs") in the above-referenced matters against Defendants Waters Corporation ("Waters") and AB Sciex, LLC ("Sciex") (with Waters, the "Defendants") (collectively, "the Parties"). Pursuant to D.I. 80 in 4:23-cv-40027, Plaintiffs and Waters are required to submit a Joint ESI Protocol and Protective Order by May 21, 2025 (the date for submission in the Sciex matter has not yet been ordered).

The Parties have agreed on the terms of a proposed ESI Protocol and Protective Order in each case, except for one narrow issue relating to the logging of attorney-client emails. The relevant provisions can be found under Section 23.5 of the Parties' Joint [Proposed] Protective Order ("Protective Order") entitled "Non-Discoverable Information" and Section 13 of the Stipulation and [Proposed] Order Concerning Discovery of Electronically Stored Information ("ESI Order") entitled "Privilege Logs." The Parties disagree as to the date after which Parties are no longer required to log attorney-client emails on their respective privilege logs. The proposed ESI Protocol and Protective Order showing the Parties' competing provisions in redline are attached to this letter as **Exhibit A** and **Exhibit B**.

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Massachusetts   Minnesota   Missouri
Nevada   New Jersey   New York   North Carolina   Oklahoma   Pennsylvania   South Carolina   Texas   Washington



Pursuant to Local Rule 16.6(c)(6), "[i]f the parties seek protections beyond those provided in the default protective order set forth in subsection (d)(6), they should submit a proposed protective order with the joint statement. If there is not complete agreement as to its terms, then the plaintiff's position and the defendant's position should be identified in the proposal." This is exactly what Plaintiffs have proposed to do through a joint letter to the Court. Plaintiffs' position regarding the one outstanding issue is set forth below. Plaintiffs sent their portion of this letter to Defendants and requested that they add their position, but Defendants refused and instead stated that they believe the Parties should engage in motion practice pursuant to the Local Rules and threatened Plaintiffs with sanctions if they proceeded with bringing this matter to the Court unilaterally. *See* **Exhibit C.**

Plaintiffs do not believe that forcing this Court to review multiple 10-page briefs on this narrow issue is a good use of judicial time and resources, nor do Plaintiffs believe that this narrow issue relating to a provision in the Parties' ESI Protocol and Protective Order constitutes a "Discovery Dispute" under the Local Rule 37.1 as Defendants allege. Instead, Plaintiffs intended to present the Court with the positions of each Party for guidance, pursuant to Local Rule 16.6(c).

Indeed, during the Scheduling Conference, your Honor encouraged the Parties to come to the Court for assistance in resolving issues, and Plaintiffs believe that a short joint letter to the Court, as Plaintiffs proposed, is a more appropriate avenue for resolving the Parties' singular disagreement in the Protective Order and ESI Protocol.

**Plaintiffs' Position:**

Plaintiffs propose that attorney-client communications dated on or after January 1, 2023 should not be logged. From January 1, 2023 to March 8, 2023 (less than two months prior to the filing of the Waters complaint in 4:23-cv-40027), Plaintiffs and their litigation counsel exchanged, at least, thousands of pre-suit emails. Requiring Plaintiffs' counsel to collect, review, and log thousands of privileged pre-suit emails is unduly burdensome and not proportional to the needs of the case, and the burden of doing so outweighs any benefit. *See* Fed. R. Civ. P. 26(b)(1).

Defendants initially proposed that the Parties not log privileged attorney-client communications as of the filing date of the complaint, which would result in Defendants not having to log any privileged communications (and avoid logging all communications relating to, for example, Defendants' counterclaims), while Plaintiffs would be required to log thousands of pre-suit, attorney-client privileged communications.

Defendants' only justification for disagreeing with Plaintiffs' proposed alternative date is that Defendants intend to "test" the attorney-client privilege for any withheld communications. This too does not justify imposing a substantial, unfair burden on Plaintiffs.



**Defendants' Position:**

> []

      Plaintiffs respectfully request that the Court provide guidance on this narrow dispute and thank the Court in advance for its attention to this matter.  Please whether the Court needs anything additional from the Parties in order to facilitate this process.

Respectfully submitted:

*/s/ Erika M. Page*
Erika M. Page

## **CERTIFICATE OF SERVICE**

I, Erika M. Page, Esq., hereby certify that a true copy of the foregoing document was served via ECF upon all counsel of record.

| | |
|---|---|
| May 21, 2025 | */s Erika M. Page* <br> Erika M. Page |